UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Eastern Division

|  |  |
|---|---|
| In Re | Chapter 7 |
| CHRISTEL R. GLASER, | Case No. 14-10747 |
| Debtor |  |
| JOHN J. AQUINO, CHAPTER 7 TRUSTEE OF CHRISTEL R. GLASER, | Adv. Proceeding No.: 16-1028-MSH |
| Plaintiff |  |
| v. |  |
| MTGLQ INVESTORS, L.P., SUCCESSOR IN INTEREST TO NATIONSTAR MORTGAGE LLC |  |
| Defendant |  |

**STIPULATION OF COMPROMISE**

Pursuant to Fed. R. Bankr. P. 9019(a) and MLBR 9019-1(c), John J. Aquino, the duly appointed trustee (the "Trustee") of the Chapter 7 bankruptcy estate of Christel R. Glaser (the "Debtor"), and the Defendant, MTGLQ Investors, L.P., successor in interest to Nationstar Mortgage LLC and First Residential Mortgage Network, Inc. ("MTGLQ"), hereby enter into this Stipulation of Compromise (the "Stipulation"). Pursuant to this Stipulation, the parties seek to resolve the Trustee's adversary complaint seeking certain declaratory relief, avoidance of MTGLQ's asserted mortgage interest in property of the estate, and other related relief.

WHEREAS, by deed dated October 25, 1993, and recorded at the Southern Essex District Registry of Deeds at Book 12196, Page 345, the Debtor and non-debtor Mark G. Glaser ("Mark

Glaser") jointly acquired the fee interest in certain real property known and located at 97 River Road, Merrimac, Massachusetts 01860 (the "Property"); and

WHEREAS, on April 22, 2004, the Debtor executed a promissory note in the original amount of $264,500.00 in favor of First Residential Mortgage Network, Inc. of Louisville, Kentucky (the "Note"). The Note was executed by the Debtor on behalf of Mark Glaser pursuant to a power of attorney granted by Mark Glaser to the Debtor on April 20, 2004. There is no indication on the Note that the Debtor executed the Note in her individual capacity; and

WHEREAS, on May 17, 2004, a mortgage document was recorded at the Southern Essex District Registry of Deeds, Book 22849, Page 573, purporting to grant a mortgage interest in the Property to First Residential Mortgage Network, Inc. to secure the repayment of the Note (the "Mortgage"). The Mortgage appears to be dated as of April 22, 2004, and purports to have been executed by "Mark G. Glaser, individually and as attorney in fact for Christel Rae Glaser pursuant to a power of attorney dated 4-20-04 to be recorded herewith."; and

WHEREAS, the notarized acknowledgment set forth on the Mortgage is undated, and recites that "Mark G. Glaser, individually and as attorney in fact as aforesaid" appeared before the Notary Public, but fails to set forth the method of identification. The subject acknowledgment further states that Mark G. Glaser acknowledged that "he/she signed voluntarily for the stated purpose." Notwithstanding the foregoing, the Trustee has asserted that the acknowledgement incorrectly identifies the person who appeared and executed the subject document; and

WHEREAS, MTGLQ believes that the notary acknowledgment provided sufficient notice to a bona fide purchaser that the mortgage was executed by the Debtor, individually and pursuant to a power of attorney granted by her then-husband Mark Glaser, with the intent to encumber

both the Debtor's interest and Mark Glaser's interest in the property, and further that the public records at the Probate Court, an integral part of any title examination of the property, would also indicate to a bona fide purchaser that the mortgage was signed by the Debtor individually and Mark Glaser under power of attorney and was intended to fully encumber both the Debtor's interest and Mark Glaser's interest in the property, and that said records are sufficient to provided constructive notice to a bona fide purchaser that the mortgage fully encumbered both the Debtor's and Mark Glaser's interests in the property; and

WHEREAS, MTGLQ asserts that it currently is the holder of the Note and Mortgage by virtue of one or more assignments; and

WHEREAS, the Debtor filed a petition under Chapter 7 of the U.S. Bankruptcy Code on on February 27, 2014 (the "Petition Date"); and

WHEREAS, on July 16, 2014, MTGLQ's predecessor-in-interest filed its *Motion Of Nationstar Mortgage LLC For Relief From The Automatic Stay Pursuant To 11 U.S.C. §362* (the "Stay Relief Motion"), pursuant to which it asserted that the Debtor and non-debtor Mark Glaser executed the Note, and that the Mortgage was also executed by the Debtor and Mark Glaser; and

WHEREAS, the Stay Relief Motion was withdrawn after objection by the Trustee; and

WHEREAS, MTGLQ or its predecessor in interest has filed a proof of claim in the Chapter 7 case which asserts a secured claim against the estate in the approximate amount of $310,781.90 as of the Petition Date (the "Proof of Claim"); and

WHEREAS, after various attempts to resolve issues relating to the validity of the Note and Mortgage failed, the Trustee instituted Adversary Proceeding No. 16-1028-MSH (the "Adversary Proceeding") pursuant to which the Trustee seeks a declaration that the asserted obligation is

non-recourse with respect to the Debtor and the bankruptcy estate, seeks the avoidance of the Mortgage pursuant to 11 U.S.C. §544, and related relief; and

WHEREAS, MTGLQ has contested the factual and legal assertions made by the Trustee in the Adversary Proceeding; and believes that the mortgage is a binding and enforceable first mortgage encumbering the Debtor's real estate; and

WHEREAS, the Trustee and MTGLQ have engaged in discussions regarding the potential resolution of issues and settlement of the Adversary Proceeding; and

WHEREAS, the parties desire to resolve all outstanding issues which form the subject of the Adversary Proceeding;

NOW, THEREFORE, for good and valuable consideration the sufficiency of which is hereby acknowledged, the Trustee and Nationstar hereby stipulate and agree as follows:

1. Forthwith upon the entry of an Order of the U.S. Bankruptcy Court approving the within Stipulation, MTGLQ shall pay the amount of $80,000 to the Trustee.

2. Upon the entry of a final Order approving the within Settlement, MTGLQ, for itself, its predecessors, successors and assigns, acknowledges and stipulates that the obligations represented by the Note and Mortgage are non-recourse as to the Debtor and the Debtor's estate, other than the property encumbered by the mortgage, and that MTGLQ shall not seek recovery against the Debtor or the bankruptcy estate beyond MTGLQ's mortgage interest in the Property.

3. Consistent with the provisions of Paragraph 2 above, the Proof of Claim shall be deemed amended to reflect the non-recourse nature of the subject obligation with respect to the Debtor and the Debtor's bankruptcy estate herein such that MTGLQ shall not be entitled to an unsecured claim against the estate.

4. Upon the entry of a final Order approving the within Stipulation and the payment of the aforesaid $80,000:

 (a) the Trustee, on behalf of the Debtor and the bankruptcy estate of Christel R. Glaser, shall be deemed to have remised, released and forever discharged MTGLQ and all its respective agents, attorneys, predecessors, successors and assigns, directors, officers, employees, members, managers, shareholders, partners, affiliates, from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands, and liabilities, in law or equity, which the Trustee or Debtor has or ever had from the beginning of the world through the date of this Agreement, arising out of the Mortgage; the origination, closing, and servicing of the Note and the Debtor's bankruptcy, including but not limited to all claims that were asserted, or could have been asserted based upon the facts and circumstances described in the Adversary Proceeding;

 (b) the Trustee shall be deemed to have waived all claims and defenses with respect to the Mortgage, including arguments that the MTGLQ Mortgage does not encumber the Debtor's interest in the property, and waives and further shall be deemed to have waived set-offs with respect to the Proof of Claim;

 (c) the Trustee, on behalf of the Debtor and the bankruptcy estate, shall be deemed to have consented to relief from the automatic stay provisions of 11 U.S.C. §362 to enable MTGLQ to exercise its state law remedies with respect to the Property, including, without limitation, foreclosure of the Mortgage.

5. This Stipulation shall be deemed to be an agreement under seal within the Commonwealth of Massachusetts, and shall be interpreted in accordance with the laws of the Commonwealth of Massachusetts. This Stipulation is binding upon and inures to the benefit of

the parties' respective representatives, predecessors, successors and assigns. The Parties hereby consent to jurisdiction of the U.S. Bankruptcy Court in Boston, Massachusetts, for all matters arising hereunder.

6. This Stipulation is subject to Bankruptcy Court approval pursuant to Fed R. Bankr. P 9019 and MLBR 9019-1. Absent such approval, this Stipulation shall be of no force or effect. The parties agree to seek Bankruptcy Court approval of the terms of the within Stipulation promptly upon their mutual execution hereof, and shall request the entry of an Order which provides for the effectuation of all terms hereof, including relief from the automatic stay to allow Lender to exercise its state law rights and remedies with respect to the Mortgage. Upon successful consummation of the settlement as set forth in the Stipulation, the parties shall seek dismissal of the within Adversary Proceeding.

7. The terms and conditions of this Stipulation shall supersede all prior communications, written or oral, as to the terms of the Stipulation or any subject matter therein.

| | |
|---|---|
| JOHN J. AQUINO<br>CHAPTER 7 TRUSTEE, | MTGLQ INVESTORS, L.P., |
| By his counsel, | By its counsel, |
| /s/ Donald F. Farrell, Jr.<br>Donald F. Farrell, Jr. (BBO 159580)<br>ANDERSON AQUINO LLP<br>240 Lewis Wharf<br>Boston, MA 02110<br>(617) 723-3600<br>dff@andersonaquino.com | /s/ Mark B. Johnson<br>Mark B. Johnson (BBO 252760)<br>Kathleen M. Heyer (BBO 685380)<br>JOHNSON & BORENSTEIN, LLC<br>12 Chestnut Street<br>Andover, MA 01810<br>(978) 475-4488<br>mark@jbllclaw.com<br>kathleen.heyer@jbllclaw.com |

Dated: July 6, 2017.