UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Eastern Division

_____
                              )       **Chapter 7**

**In Re**                        )

                              )       **Case No. 14-10747**

**CHRISTEL R. GLASER,**       )

                              )

        **Debtor**              )

_____)

### JOINT MOTION FOR ENTRY OF ORDER APPROVING
### STIPULATION OF COMPROMISE

Pursuant to Fed. R. Bankr. P. 9019(a) and MLBR 9019-1(c), John J. Aquino, the duly appointed trustee (the "Trustee") of the Chapter 7 bankruptcy estate of Christel R. Glaser (the "Debtor"), and the Defendant, MTGLQ Investors, L.P.,, successor in interest to Nationstar Mortgage LLC and First Residential Mortgage Network, Inc. ("MTGLQ"), hereby move this Court for entry of an Order authorizing and approving the Stipulation of Compromise (the "Stipulation") entered into between the Trustee and MTGLQ ("MTGLQ" and together with the Trustee, the "Parties"), a copy of which is filed herewith and attached as Exhibit A. In support of this motion, the Parties state as follows:

### Background

1. By deed dated October 25, 1993, and recorded at the Southern Essex District Registry of Deeds at Book 12196, Page 345, the Debtor and non-debtor Mark G. Glaser ("Mark Glaser") jointly acquired the fee interest in certain real property known and located at 97 River Road, Merrimac, Massachusetts 01860 (the "Property").

2. On April 22, 2004, the Debtor executed a promissory note in the original amount of $264,500.00 in favor of First Residential Mortgage Network, Inc. of

Louisville, Kentucky (the "Note"). The Note executed by the Debtor was executed on behalf of Mark Glaser pursuant to a power of attorney granted by Mark Glaser to the Debtor on April 20, 2004. There is no indication on the Note that the Debtor executed the Note in her individual capacity.

3. On May 17, 2004, a mortgage document was recorded at the Southern Essex District Registry of Deeds, Book 22849, Page 573, purporting to grant a mortgage interest in the Property to First Residential Mortgage Network, Inc. to secure the repayment of the Note (the "Mortgage"). The Mortgage appears to be dated as of April 22, 2004, and purports to have been executed by "Mark G. Glaser, individually and as attorney in fact for Christel Rae Glaser pursuant to a power of attorney dated 4-20-04 to be recorded herewith."

4. The notarized acknowledgment set forth on the Mortgage is undated, and recites that "Mark G. Glaser, individually and as attorney in fact as aforesaid" appeared before the Notary Public, but fails to set forth the method of identification. The subject acknowledgment further states that Mark G. Glaser acknowledged that "he/she signed voluntarily for the stated purpose." Notwithstanding the foregoing, the Trustee has asserted that the acknowledgement incorrectly identifies the person who appeared and executed the subject document. Facts subsequently developed indicate that both the Note and Mortgage were executed by the Debtor utilizing a power of attorney on behalf of her former spouse. Thus, the designation of the signatory on the Mortgage is incorrect as is the identification in the notarized acknowledgment of the person who appeared and executed the Mortgage.

5. MTGLQ asserts that it currently is the holder of the Note and Mortgage by virtue of one or more assignments.

6. The Debtor filed a petition under Chapter 7 of the U.S. Bankruptcy Code on on February 27, 2014 (the "Petition Date"). The Trustee was appointed as Chapter 7 trustee herein on February 28, 2014.

7. As of the Petition Date, the Debtor owned a 50% interest in the Property.

8. On July 16, 2014, MTGLQ's predecessor-in-interest filed its *Motion Of Nationstar Mortgage LLC For Relief From The Automatic Stay Pursuant To 11 U.S.C. §362* (the "Stay Relief Motion"), pursuant to which it asserted that the Debtor and non-debtor Mark Glaser executed the Note, and that the Mortgage was also executed by the Debtor and Mark Glaser. The Stay Relief Motion was subsequently withdrawn by MTGLQ's predecessor-in-interest after objection by the Trustee.

9. MTGLQ has filed a proof of claim in the Chapter 7 case which asserts a secured claim against the estate in the approximate amount of $310,781.90 as of the Petition Date (the "Proof of Claim").

10. After various attempts to resolve issues relating to the validity of the Note and Mortgage failed, the Trustee instituted Adversary Proceeding No. 16-1028-MSH (the "Adversary Proceeding"), pursuant to which the Trustee seeks a declaration that the asserted obligation is non-recourse with respect to the Debtor and the bankruptcy estate, seeks the avoidance of the Mortgage pursuant to 11 U.S.C. §544, and related relief, including preservation of the lien for the benefit of the bankruptcy estate.

11. MTGLQ has contested the factual and legal assertions made by the Trustee in the Adversary Proceeding; and believes that the Mortgage is a binding and enforceable

first mortgage encumbering the Debtor's real estate. MTGLQ has advanced legal theories and factual analyses which it believes supports its assertion that the Mortgage is a valid obligation enforceable against the Trustee.

12. After engaging in discovery, the parties entered into discussions regarding the potential resolution of the issues raised in the Adversary Proceeding.

13. After extensive negotiations, the Trustee and MTGLQ reached an agreement in principle regarding the settlement of the Adversary Proceeding. Subsequently, after consultation with the Debtor, Trustee's counsel conferred with MTGLQ's counsel and agreement was reached to increase the proposed settlement payment from $75,000 to $80,000 consistent with the Debtor's request.

14. The Trustee and MTGLQ proceeded to finalize their agreement and ultimately entered into the Stipulation.

**Summary of Compromise**

15. The primary terms of the Stipulation may be summarized as follows:

(a) Promptly upon the entry of an Order of the U.S. Bankruptcy Court approving the within Stipulation, MTGLQ shall pay the amount of $80,000 to the Trustee (the "Settlement Payment");

(b) Upon the entry of a final Order approving the within Settlement, MTGLQ, for itself, its predecessors, successors and assigns, acknowledges and stipulates that the obligations represented by the Note and Mortgage are non-recourse as to the Debtor and the Debtor's estate, other than the property encumbered by the mortgage, and that MTGLQ shall not seek recovery against the Debtor or the bankruptcy estate beyond MTGLQ's mortgage interest in the Property;

(c) Consistent with the provisions of Paragraph 15(b) above, the Proof of Claim shall be deemed amended to reflect the non-recourse nature of the subject obligation with respect to the Debtor and the Debtor's bankruptcy estate herein such that MTGLQ shall not be entitled to an unsecured claim against the estate;

(d)  Upon the entry of a final Order approving the within Stipulation and the payment of the aforesaid $80,000:

>  (i)  the Trustee, on behalf of the Debtor and the bankruptcy estate of Christel R. Glaser, shall be deemed to have remised, released and forever discharged MTGLQ and all its respective agents, attorneys, predecessors, successors and assigns, directors, officers, employees, members, managers, shareholders, partners, affiliates, from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands, and liabilities, in law or equity, which the Trustee has or ever had from the beginning of the world through the date of this Agreement, arising out of the Mortgage; the origination, closing, and servicing of the Note and the Debtor's bankruptcy, including but not limited to all claims that were asserted, or could have been asserted based upon the facts and circumstances described in the Adversary Proceeding;

>  (ii)  the Trustee, on behalf of himself, the Debtor, and the Debtor's bankruptcy estate, shall be deemed to have waived all claims, defenses, set-offs and the like with respect to the Mortgage, including arguments that the MTGLQ Mortgage does not encumber the Debtor's interest in the Property, and waives all claims, defenses, and set-offs with respect to the Proof of Claim as deemed amended pursuant to the terms of the Stipulation;

>  (iii)  the Trustee, on behalf of the Debtor and the bankruptcy estate, shall be deemed to have consented to relief from the automatic stay provisions of 11 U.S.C. §362 to enable MTGLQ to exercise its state law remedies with respect to the Property, including, without limitation, foreclosure of the Mortgage.

### Reasonableness of Compromise

16.     Fed. R. Bankr. P. 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  A settlement should be approved when it is fair, equitable, and in the best interests of the estate.  *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).  The First Circuit Court of Appeals

has held that a bankruptcy court should also consider the following factors in determining whether to approve a settlement:

    i.      the probability of success in the litigation being compromised;

    ii.     the difficulties, if any, to be encountered in the matter of collection;

    iii.    the complexity of the litigation involved and the expense, inconvenience and delay in pursuing the litigation; and

    iv.    the paramount interest of the creditors and a proper deference to their reasonable views.

*Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995); *see also Hicks, Muse & Co., Inc. v. Brandt (In re Healthco Int'l, Inc.)*, 136 F.3d 45, 50 (1st Cir. 1998) (suggesting that the Court also consider the experience and competence of the fiduciary proposing the settlement).

17. The Trustee submits that the Stipulation readily satisfies these requirements and that the terms of the Stipulation are beneficial to the Debtor's estate. In fact, the proposed settlement will likely provide for the payment of all claims against the estate and will result in the return of funds to the Debtor.

18. In assessing the reasonableness of the terms of the Stipulation, the Trustee has considered the range of results possible in the event of continued litigation.

19. The Trustee is confidant in the likelihood of success with respect to the pending litigation, although there always remains some degree of possibility of an adverse judgment with respect to any litigation. In the present case, in the event that the Trustee were to be successful and obtain the relief requested in the Adversary Proceeding, the Trustee will have avoided the mortgage interest against the Debtor's fifty-percent interest in the Property. Thereafter, the Trustee would be required to file an

additional adversary proceeding against the owner of the remaining fifty-percent interest to obtain requisite authority to sell both the estate's interest and the non-debtor's interest in the Property. The Trustee anticipates that he would be successful in both adversary proceedings.

20.     The parties agree that the estimated fair market value of the Property is in excess of $600,000 – far greater than the value of the Mortgage claim which purports to be a first priority mortgage lien. As the aggregate value of the Mortgage claim is approximately $310,000, successfully avoiding the lien encumbering the Debtor's 50% interest would result in the avoidance and preservation of the lien in the amount of approximately $155,000. Thereafter, the Trustee would be required to institute and successfully prosecute an adversary proceeding against the non-debtor former spouse to obtain the right to market and sell the entire fee ownership interest in the Property to produce funds for the estate.

21.     Although the Trustee is confident in his ability to obtain judgments which would ultimately enable him to liquidate the Property for the estate, no litigation is without its costs, risks, and delays. In the present case, the Trustee believes that he would be able to establish that the person who signed the Mortgage was the Debtor and not "Mark G. Glaser and Christel Rae Glaser by Mark G. Glaser, her attorney in fact" as described in the Mortgage. The Trustee believes that the Debtor appeared and executed the Mortgage utilizing a power of attorney granting her the authority to sign on behalf of her then-spouse, Mark G. Glaser. The aforesaid power of attorney is recorded with the registry of deeds. If the foregoing is demonstrated at trial, it will also establish that the notarized acknowledgement is factually incorrect, and, the Trustee would contend that it

is defective as a matter of law. The Trustee contends that the defective notarization is ineffective to provide notice of the lien to intervening lien creditors and, as the result of his status as a hypothetical lien creditor and BFP pursuant to 11 U.S.C. §544, the defective Mortgage cannot be enforced as against the estate.

22. For its part, MTGLQ disputes the legal ramifications of the inaccurate acknowledgment, and further contends that the doctrine of equitable subrogation would preserve its secured priority position regardless of any potential unenforceability of the Mortgage as against the Trustee and bankruptcy estate. Pursuant to equitable subrogation principles, a secured creditor may be subrogated to a valid prior existing mortgage if certain facts can be established. In essence, to establish a valid equitable subrogation remedy, MTGLQ would have to demonstrate that (i) it paid the prior mortgage to protect its interest; (ii) it was not acting as a volunteer in the transaction: (iii) it was not otherwise liable for the prior mortgage debt; (iv) it paid the entire prior mortgage debt; and (v) subrogation would not work any injustice on intervening lien creditors or junior lienholders. MTGLQ has asserted that it can establish all of the aforesaid requirements and that the Bankruptcy Court should recognize the doctrine of equitable subrogation and apply the same to remedy any deficiency in the Mortgage.

23. The Trustee strongly disputes that the doctrine of equitable subrogation is applicable in the circumstances of this case. Again, because of the Trustee's status pursuant to the provisions of 11 U.S.C. §544, the Trustee believes that MTGLQ could not satisfy all the prerequisites of equitable subrogation. Among other reasons, the Trustee asserts that the remedy would not be available because the prior mortgage had been discharged as a matter of record well prior to the Petition Date, and the lack of

constructive knowledge of the potential lien claim now asserted by MTGLQ would work an impermissible injustice upon the rights of the Trustee as a BFP and hypothetical lien creditor under Section 544 of the Bankruptcy Code.

24.   Although the parties are prepared to fully litigate their respective positions, the ongoing costs of the litigation, the time required for such litigation (as well as any subsequent appeals), and the risk of adverse judgments make settlement a reasonable alternative for both parties.  The Trustee notes that a full litigation of the substantial factual and legal issues would be time consuming and costly, and the outcome is far from certain.

25.   The proposed settlement provides a significant return for the benefit of the bankruptcy estate.  Based upon the claims filed in the case to date, the Trustee projects that all timely filed claims shall be paid in full, and a substantial sum will likely be available for distribution to the Debtor.

26.   The Trustee respectfully submits that the outcome made possible by the proposed settlement is exceptionally beneficial for the bankruptcy estate and the Debtor, and is a fair and reasonable compromise of the claims asserted in the Adversary Proceeding.  The continued litigation of the Adversary Proceeding would certainly entail significantly greater expense for the estate, and would not guaranty a result as beneficial as that available pursuant to the proposed settlement.  The Trustee submits that the proposed settlement is well within the range of reasonableness for settlement of this matter, and should be approved by the Court.

27.   The Trustee has caused this motion to be served upon the United States Trustee, all creditors who timely filed claims in this case, counsel for Debtor, and each

party that has requested service of pleadings and notices in this case, all as reflected on the service list attached to the Certificate of Service filed herewith.

WHEREFORE, the Trustee respectfully requests that this Court:

1.  Enter an Order approving the notice as set forth herein as proper and adequate in the circumstances;

2.  Enter an Order substantially similar to the proposed order appended hereto as Exhibit B approving the Stipulation and authorizing the Trustee to take such action as may be reasonably required to consummate the terms of the settlement set forth therein; and

3.  Grant such other and further relief as may be just and proper.


JOHN J. AQUINO,                          MTGLQ Investors, L.P.
CHAPTER 7 TRUSTEE,

By his counsel,                          By its counsel,

/s/ Donald F. Farrell, Jr.               /s/ Mark B. Johnson
Donald F. Farrell, Jr. (BBO 159580)      Mark B. Johnson (BBO 252760)
ANDERSON AQUINO LLP                      Kathleen M. Heyer (BBO 685380)
240 Lewis Wharf                          JOHNSON & BORENSTEIN, LLC
Boston, MA  02110                        12 Chestnut Street
(617) 723-3600                           Andover, MA 01810
dff@andersonaquino.com                   (978) 475-4488
                                         mark@jbllclaw.com
                                         kathleen.heyer@jbllclaw.com




Dated: July 6, 2017.

# EXHIBIT A

_____
                                 )       **Chapter 7**

**In Re**                         )

                                 )       **Case No. 14-10747**

**CHRISTEL R. GLASER,**         )

                                 )

        **Debtor**                )

_____)

_____
                                 )

**JOHN J. AQUINO,**           )       **Adv. Proceeding No.:  16-1028-MSH**
**CHAPTER 7 TRUSTEE**      )
**OF CHRISTEL R. GLASER,**   )

                                 )

        **Plaintiff**            )

                                 )

        **v.**                   )

                                 )

**MTGLQ INVESTORS, L.P., SUCCESSOR IN** )
**INTEREST TO NATIONSTAR MORTGAGE LLC** )

                                 )

        **Defendant**           )

_____)

## STIPULATION OF COMPROMISE

Pursuant to Fed. R. Bankr. P. 9019(a) and MLBR 9019-1(c), John J. Aquino, the duly

appointed trustee (the "Trustee") of the Chapter 7 bankruptcy estate of Christel R. Glaser (the

"Debtor"), and the Defendant, MTGLQ Investors, L.P., successor in interest to Nationstar

Mortgage LLC and First Residential Mortgage Network, Inc. ("MTGLQ"), hereby enter into this

Stipulation of Compromise (the "Stipulation"). Pursuant to this Stipulation, the parties seek to

resolve the Trustee's adversary complaint seeking certain declaratory relief, avoidance of

MTGLQ's asserted mortgage interest in property of the estate, and other related relief.

WHEREAS, by deed dated October 25, 1993, and recorded at the Southern Essex District

Registry of Deeds at Book 12196, Page 345, the Debtor and non-debtor Mark G. Glaser ("Mark

Glaser") jointly acquired the fee interest in certain real property known and located at 97 River Road, Merrimac, Massachusetts 01860 (the "Property"); and

WHEREAS, on April 22, 2004, the Debtor executed a promissory note in the original amount of $264,500.00 in favor of First Residential Mortgage Network, Inc. of Louisville, Kentucky (the "Note"). The Note was executed by the Debtor on behalf of Mark Glaser pursuant to a power of attorney granted by Mark Glaser to the Debtor on April 20, 2004. There is no indication on the Note that the Debtor executed the Note in her individual capacity; and

WHEREAS, on May 17, 2004, a mortgage document was recorded at the Southern Essex District Registry of Deeds, Book 22849, Page 573, purporting to grant a mortgage interest in the Property to First Residential Mortgage Network, Inc. to secure the repayment of the Note (the "Mortgage"). The Mortgage appears to be dated as of April 22, 2004, and purports to have been executed by "Mark G. Glaser, individually and as attorney in fact for Christel Rae Glaser pursuant to a power of attorney dated 4-20-04 to be recorded herewith."; and

WHEREAS, the notarized acknowledgment set forth on the Mortgage is undated, and recites that "Mark G. Glaser, individually and as attorney in fact as aforesaid" appeared before the Notary Public, but fails to set forth the method of identification. The subject acknowledgment further states that Mark G. Glaser acknowledged that "he/she signed voluntarily for the stated purpose." Notwithstanding the foregoing, the Trustee has asserted that the acknowledgement incorrectly identifies the person who appeared and executed the subject document; and

WHEREAS, MTGLQ believes that the notary acknowledgment provided sufficient notice to a bona fide purchaser that the mortgage was executed by the Debtor, individually and pursuant to a power of attorney granted by her then-husband Mark Glaser, with the intent to encumber

both the Debtor's interest and Mark Glaser's interest in the property, and further that the public records at the Probate Court, an integral part of any title examination of the property, would also indicate to a bona fide purchaser that the mortgage was signed by the Debtor individually and Mark Glaser under power of attorney and was intended to fully encumber both the Debtor's interest and Mark Glaser's interest in the property, and that said records are sufficient to provided constructive notice to a bona fide purchaser that the mortgage fully encumbered both the Debtor's and Mark Glaser's interests in the property; and

WHEREAS, MTGLQ asserts that it currently is the holder of the Note and Mortgage by virtue of one or more assignments; and

WHEREAS, the Debtor filed a petition under Chapter 7 of the U.S. Bankruptcy Code on on February 27, 2014 (the "Petition Date"); and

WHEREAS, on July 16, 2014, MTGLQ's predecessor-in-interest filed its *Motion Of Nationstar Mortgage LLC For Relief From The Automatic Stay Pursuant To 11 U.S.C. §362* (the "Stay Relief Motion"), pursuant to which it asserted that the Debtor and non-debtor Mark Glaser executed the Note, and that the Mortgage was also executed by the Debtor and Mark Glaser; and

WHEREAS, the Stay Relief Motion was withdrawn after objection by the Trustee; and

WHEREAS, MTGLQ or its predecessor in interest has filed a proof of claim in the Chapter 7 case which asserts a secured claim against the estate in the approximate amount of $310,781.90 as of the Petition Date (the "Proof of Claim"); and

WHEREAS, after various attempts to resolve issues relating to the validity of the Note and Mortgage failed, the Trustee instituted Adversary Proceeding No. 16-1028-MSH (the "Adversary Proceeding") pursuant to which the Trustee seeks a declaration that the asserted obligation is

non-recourse with respect to the Debtor and the bankruptcy estate, seeks the avoidance of the Mortgage pursuant to 11 U.S.C. §544, and related relief; and

WHEREAS, MTGLQ has contested the factual and legal assertions made by the Trustee in the Adversary Proceeding; and believes that the mortgage is a binding and enforceable first mortgage encumbering the Debtor's real estate; and

WHEREAS, the Trustee and MTGLQ have engaged in discussions regarding the potential resolution of issues and settlement of the Adversary Proceeding; and

WHEREAS, the parties desire to resolve all outstanding issues which form the subject of the Adversary Proceeding;

NOW, THEREFORE, for good and valuable consideration the sufficiency of which is hereby acknowledged, the Trustee and Nationstar hereby stipulate and agree as follows:

1. Forthwith upon the entry of an Order of the U.S. Bankruptcy Court approving the within Stipulation, MTGLQ shall pay the amount of $80,000 to the Trustee.

2. Upon the entry of a final Order approving the within Settlement, MTGLQ, for itself, its predecessors, successors and assigns, acknowledges and stipulates that the obligations represented by the Note and Mortgage are non-recourse as to the Debtor and the Debtor's estate, other than the property encumbered by the mortgage, and that MTGLQ shall not seek recovery against the Debtor or the bankruptcy estate beyond MTGLQ's mortgage interest in the Property.

3. Consistent with the provisions of Paragraph 2 above, the Proof of Claim shall be deemed amended to reflect the non-recourse nature of the subject obligation with respect to the Debtor and the Debtor's bankruptcy estate herein such that MTGLQ  shall not be entitled to an unsecured claim against the estate.

4. Upon the entry of a final Order approving the within Stipulation and the payment of the aforesaid $80,000:

(a) the Trustee, on behalf of the Debtor and the bankruptcy estate of Christel R. Glaser, shall be deemed to have remised, released and forever discharged MTGLQ and all its respective agents, attorneys, predecessors, successors and assigns, directors, officers, employees, members, managers, shareholders, partners, affiliates, from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands, and liabilities, in law or equity, which the Trustee or Debtor has or ever had from the beginning of the world through the date of this Agreement, arising out of the Mortgage; the origination, closing, and servicing of the Note and the Debtor's bankruptcy, including but not limited to all claims that were asserted, or could have been asserted based upon the facts and circumstances described in the Adversary Proceeding;

(b) the Trustee shall be deemed to have waived all claims and defenses with respect to the Mortgage, including arguments that the MTGLQ Mortgage does not encumber the Debtor's interest in the property, and waives and further shall be deemed to have waived set-offs with respect to the Proof of Claim;

(c) the Trustee, on behalf of the Debtor and the bankruptcy estate, shall be deemed to have consented to relief from the automatic stay provisions of 11 U.S.C. §362 to enable MTGLQ to exercise its state law remedies with respect to the Property, including, without limitation, foreclosure of the Mortgage.

5. This Stipulation shall be deemed to be an agreement under seal within the Commonwealth of Massachusetts, and shall be interpreted in accordance with the laws of the Commonwealth of Massachusetts. This Stipulation is binding upon and inures to the benefit of

the parties' respective representatives, predecessors, successors and assigns. The Parties hereby consent to jurisdiction of the U.S. Bankruptcy Court in Boston, Massachusetts, for all matters arising hereunder.

6.   This Stipulation is subject to Bankruptcy Court approval pursuant to Fed R. Bankr. P 9019 and MLBR 9019-1.  Absent such approval, this Stipulation shall be of no force or effect. The parties agree to seek Bankruptcy Court approval of the terms of the within Stipulation promptly upon their mutual execution hereof, and shall request the entry of an Order which provides for the effectuation of all terms hereof, including relief from the automatic stay to allow Lender to exercise its state law rights and remedies with respect to the Mortgage.  Upon successful consummation of the settlement as set forth in the Stipulation, the parties shall seek dismissal of the within Adversary Proceeding.

7.   The terms and conditions of this Stipulation shall supersede all prior communications, written or oral, as to the terms of the Stipulation or any subject matter therein.

JOHN J. AQUINO                         MTGLQ INVESTORS, L.P.,
CHAPTER 7 TRUSTEE,

By his counsel,                        By its counsel,

/s/ Donald F. Farrell, Jr.             /s/ Mark B. Johnson
Donald F. Farrell, Jr. (BBO 159580)    Mark B. Johnson (BBO 252760)
ANDERSON AQUINO LLP                    Kathleen M. Heyer (BBO 685380)
240 Lewis Wharf                        JOHNSON & BORENSTEIN, LLC
Boston, MA  02110                      12 Chestnut Street
(617) 723-3600                         Andover, MA 01810
dff@andersonaquino.com                 (978) 475-4488
                                       mark@jbllclaw.com
                                       kathleen.heyer@jbllclaw.com

Dated:  July 6, 2017.

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Eastern Division

_____
                                                )      **Chapter 7**
**In Re**                                       )
                                                )      **Case No. 14-10747**
**CHRISTEL R. GLASER,**                          )
                                                )
        **Debtor**                               )
_____)


### ORDER APPROVING STIPULATION OF COMPROMISE

Upon the motion (the "Motion") of John J. Aquino, solely in his capacity as

trustee (the "Trustee") for the Chapter 7 bankruptcy estate of Christel R. Glaser (the

"Debtor") in the above-captioned Chapter 7 case (the "Chapter 7 Case"), pursuant to

Sections 105 and 362, of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the

"Bankruptcy Code"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure and

MLBR 9019-1 (the "Bankruptcy Rules") seeking entry of an order: (i) approving that

certain Stipulation Of Compromise by and between the Trustee and MTGLQ Investors,

L.P., (the "Stipulation") and (ii) authorizing the Trustee to performs such acts as may be

necessary or desirable to consummate the settlement transaction set forth in the

Stipulation and consistent therewith, the Court having subject matter jurisdiction and

proper notice of the motion having been provided in accordance with Bankruptcy Rule

2002, and no other or further notice need be provided, and the relief requested in the

Motion being determined to be in the best interest of the Trustee and the estate and

creditors, and the Court having determined that the legal and factual bases set forth in the

Motion establish just cause for the relief requested and granted herein; and after due

deliberation and sufficient cause appearing therefor:

It is hereby ORDERED, ADJUDGED and DECREED that:

1.  The Motion is approved, and the Trustee is expressly and immediately authorized and empowered to execute and deliver the Stipulation as well as any other instruments and documents which may be reasonably required or necessary for the performance of the Trustee under the Stipulation.

2.  Upon execution and delivery of the Stipulation and the payment to the estate of $80,000 as provided in the Stipulation (the "Settlement Payment"):

(a)  MTGLQ, for itself, its predecessors, successors and assigns, shall be deemed to have acknowledged and stipulated that the obligations represented by the Note and Mortgage (as defined in the Stipulation") are non-recourse as to the Debtor and the Debtor's estate, other than the property encumbered by the mortgage, and that MTGLQ shall not seek recovery against the Debtor or the bankruptcy estate beyond MTGLQ's mortgage interest in the Property;

(b)  Consistent with the provisions of Paragraph 2(a) above, the proof of claim filed on behalf of MTGLQ or its predecessor in interest in the within bankruptcy case (the "Proof of Claim") shall be deemed amended to reflect the non-recourse nature of the subject obligation with respect to the Debtor and the Debtor's bankruptcy estate herein;

(c)  The Trustee, on behalf of the Debtor and the bankruptcy estate of Christel R. Glaser, shall be deemed to have remised, released and forever discharged MTGLQ and all its respective agents, attorneys, predecessors, successors and assigns, directors, officers, employees, members, managers, shareholders, partners, affiliates, from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands, and liabilities, in law or equity, which the

Trustee has or ever had from the beginning of the world through the date of this Agreement, arising out of the Mortgage; the origination, closing, and servicing of the Note and the Debtor's bankruptcy, including but not limited to all claims that were asserted, or could have been asserted based upon the facts and circumstances described in Adversary Proceeding No.: 16-1028-MSH;

(d)  the Trustee, on behalf of himself, the Debtor, and the Debtor's bankruptcy estate, shall be deemed to have waived all claims, defenses, set-offs and the like with respect to MTGLQ's Mortgage, including all arguments that the MTGLQ Mortgage does not encumber the Debtor's interest in the Property, and shall be further deemed to have waived all claims, defenses, and set-offs with respect to the Proof of Claim as deemed amended hereby;

(e)  MTGLQ is granted relief from the automatic stay provisions of 11 U.S.C. §362 to enable MTGLQ to exercise its state law remedies with respect to the Property (as defined in the Stipulation), including, without limitation, foreclosure of the Mortgage.

3.  The Court has and will retain jurisdiction to enforce this Order according to its terms.

Dated at Boston, Massachusetts this _____ day of _____, 2017.


_____
Hon, Melvin S. Hoffman
Chief U.S. Bankruptcy Judge