UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In Re: | § | |
| --- | --- | --- |
| | § | |
| CHRISTEL RAE GLASER | § | Case No. 14-10747 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 02/27/2014 . The undersigned trustee was appointed on 02/27/2014 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
| --- | --- | --- |
| 4. The trustee realized gross receipts of | $ | 80,000.00 |

Funds were disbursed in the following amounts:

| | |
| --- | --- |
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 4,348.65 |
| Bank service fees | 1,158.65 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| | |
| Leaving a balance on hand of[1] $ | 74,492.70 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 12/03/2014 and the deadline for filing governmental claims was 12/03/2014. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 7,250.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 7,250.00 , for a total compensation of $ 7,250.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 506.41 , for total expenses of $ 506.41 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 12/06/2018          By:/s/John J. Aquino, Trustee
                                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

# FORM 1
# INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
# ASSET CASES

Exhibit A

| Case No: | 14-10747 MSH | Judge: | Melvin S. Hoffman | Trustee Name: | John J. Aquino, Trustee |
|---|---|---|---|---|---|
| Case Name: | CHRISTEL RAE GLASER | | | Date Filed (f) or Converted (c): | 02/27/2014 (f) |
| | | | | 341(a) Meeting Date: | 04/08/2014 |
| For Period Ending: | 12/06/2018 | | | Claims Bar Date: | 12/03/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Residence at 97 River Road, Merrimac, MA | 693,000.00 | 25,000.00 | | 0.00 | FA |
| 2. Timeshare at Marriott Resort in Orlando | Unknown | 0.00 | | 0.00 | FA |
| 3. Checking account 2533 at Newburyport Five Cents Sa | 6,000.00 | 1,000.00 | | 0.00 | FA |
| 4. Checking account 2996 at Newburyport Five Cents Sa | 2,497.00 | 0.00 | | 0.00 | FA |
| 5. Savings account 1261at Newburyport Five Cents Savi | 113.00 | 0.00 | | 0.00 | FA |
| 6. HSA at People's United Bank | 345.00 | 0.00 | | 0.00 | FA |
| 7. Saving account at Louchem FCI | 100.00 | 0.00 | | 0.00 | FA |
| 8. Household Goods | 7,000.00 | 0.00 | | 0.00 | FA |
| 9. Wearing Apparel | 500.00 | 0.00 | | 0.00 | FA |
| 10. Furs and Jewelry | 1,000.00 | 0.00 | | 0.00 | FA |
| 11. Term life insurance with Farm Family Life Insuranc | 0.00 | 0.00 | | 0.00 | FA |
| 12. Insurance Policies | 0.00 | 0.00 | | 0.00 | FA |
| 13. 401k | 5,584.00 | 0.00 | | 0.00 | FA |
| 14. Pension / Profit Sharing | 7,995.00 | 0.00 | | 0.00 | FA |
| 15. Support | 40,500.00 | 0.00 | | 0.00 | FA |
| 16. Vanguard Claim re converted IRA funds | 10,000.00 | 0.00 | | 0.00 | FA |
| 17. Bank of America Claim re unfair and deceptive lend | Unknown | 0.00 | | 0.00 | FA |
| 18. Indentity fraud claims against ex-spouse | Unknown | 0.00 | | 0.00 | FA |
| 19. 2004 Hyundai Elantra Hatchbak (140,000 miles) | 1,100.00 | 0.00 | | 0.00 | FA |
| 20. 2001 Saab 9-5 Wagon (190,000 miles), sporadically | 400.00 | 0.00 | | 0.00 | FA |
| 21. Laptop | 200.00 | 0.00 | | 0.00 | FA |
| 22. Lien avoidance claim (u) | 0.00 | 0.00 | | 80,000.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

|  |  |  |  | Gross Value of Remaining Assets |
|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $776,334.00 | $26,000.00 | $80,000.00 | $0.00 |
|  |  |  |  | (Total Dollar Amount in Column 6) |

Exhibit A

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Activities this period: Re-noticed creditors regarding surplus funds in estate, per Order of court. Tasks remaining: Awaiting tax returns. Previous estimated TFR dates were 12/31/15, 8/31/16, 7/31/17 and 4/30/18

|  |  |  |  |
|---|---|---|---|
| RE PROP # | 1 | -- | This asset is related to #22 below, as it is based upon a defective endorsement claim that would allow me to avoid and preserve a mortgage lien claim.   The matter was resolved by the payment of $80,000 from the lender on account of a defective lien.  As the property was not sold through the bankruptcy court, I applied all funds to Asset #22 |
| RE PROP # | 2 | -- | No net recovery value. |
| RE PROP # | 3 | -- | Checking account 2533 at Newburyport Five Cents Savings Bank |
| RE PROP # | 4 | -- | Checking account 2996 at Newburyport Five Cents Savings Bank |
| RE PROP # | 5 | -- | Savings account 1261at Newburyport Five Cents Savings Bank |
| RE PROP # | 6 | -- | HSA at People's United Bank |
| RE PROP # | 7 | -- | Saving account at Louchem FCI |
| RE PROP # | 8 | -- | Miscellaneous household goods and furnishings |
| RE PROP # | 9 | -- | Miscellaneous used clothing |
| RE PROP # | 10 | -- | Jewelry |
| RE PROP # | 11 | -- | Term life insurance with Farm Family Life Insurance Company |
| RE PROP # | 12 | -- | Term life insurance through employer |
| RE PROP # | 13 | -- | 401k |
| RE PROP # | 14 | -- | Roth IRA at Vanguard |
| RE PROP # | 15 | -- | All assets are in the nature of domestic support obligations, so claim is senior to all administrative -- no basis for trustee to liquidate<br><br>$6000 for health care cost; $3000 for backsupport; Claims for breach of marital /separation agreement: $3500 Vanguard IRA Conversion $1600 mini van (invalid POA), $25,000 DSO re: vehicle (not POE) post-divorce Marriott timeshare breach re fraudulent booking |
| RE PROP # | 16 | -- | Vanguard Claim re converted IRA funds |
| RE PROP # | 17 | -- | Bank of America Claim re unfair and deceptive lending and collection practices.  Trustee Notes:  Gross value of claim is no more than $1,000.  Costs of litigation would exceed the value, so no benefit to the estate. |
| RE PROP # | 18 | -- | Indentity fraud claims against ex-spouse.   No net revovery value to estate. |
| RE PROP # | 19 | -- | 2004 Hyundai Elantra Hatchbak (140,000 miles) |
| RE PROP # | 20 | -- | 2001 Saab 9-5 Wagon (190,000 miles), sporadically operates |
| RE PROP # | 21 | -- | Laptop |
| RE PROP # | 22 | -- | This asset is related to #1 above, as it is based upon a defective endorsement claim that would allow me to avoid and preserve a mortgage lien claim.   The matter was resolved without the need to sell Asset # 1.  As a result, all proceeds were allocated to Asset #22 |

Exhibit A

Initial Projected Date of Final Report (TFR): 12/31/2015          Current Projected Date of Final Report (TFR): 12/31/2018

FORM 2
ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Case No: 14-10747  
Case Name: CHRISTEL RAE GLASER  
Taxpayer ID No: XX-XXX6183  
For Period Ending: 12/06/2018  

Trustee Name: John J. Aquino, Trustee  
Bank Name: Associated Bank  
Account Number/CD#: XXXXXX5157  
Checking  
Blanket Bond (per case limit): $0.00  
Separate Bond (if applicable):  

Exhibit B

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/05/18 | | Transfer from Acct # xxxxxx5173 | Transfer of Funds | 9999-000 | $80,000.00 | | $80,000.00 |
| 02/08/18 | | Transfer to Acct # xxxxxx5173 | Transfer of Funds - Bank Fees Feb 2018 | 9999-000 | | $118.90 | $79,881.10 |
| 03/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $107.28 | $79,773.82 |
| 04/06/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $118.60 | $79,655.22 |
| 05/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $114.60 | $79,540.62 |
| 06/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $118.25 | $79,422.37 |
| 07/09/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $114.27 | $79,308.10 |
| 08/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $117.92 | $79,190.18 |
| 09/04/18 | 101 | INTERNATIONAL SURETIES LTD. 701 Pydras Street, Suite 420 New Orleans, LA 70139 | bond payment | 2300-000 | | $26.65 | $79,163.53 |
| 09/10/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $117.73 | $79,045.80 |
| 10/05/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $113.76 | $78,932.04 |
| 11/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $117.34 | $78,814.70 |
| 12/06/18 | 102 | United States Treasury Internal Revenue Service Center Cincinnati, OH 45999-0148 | Federal Form 1041 - September 30, 2018 | 2810-000 | | $2,691.00 | $76,123.70 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*    Page Subtotals:    $80,000.00    $3,876.30

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

Case No: 14-10747  
Case Name: CHRISTEL RAE GLASER  
Taxpayer ID No: XX-XXX6183  
For Period Ending: 12/06/2018  

Trustee Name: John J. Aquino, Trustee  
Bank Name: Associated Bank  
Account Number/CD#: XXXXXX5157  
Checking  
Blanket Bond (per case limit): $0.00  
Separate Bond (if applicable):  

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 12/06/18 | 103 | Commonwealth of Massachusetts<br>MA DOR Bankruptcy Unit<br>PO Box 9564<br>Boston, MA 02114-9564 | MA Form 2 - September 30, 2018 | 2820-000 | | $1,631.00 | $74,492.70 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $80,000.00 | $5,507.30 |
| Less: Bank Transfers/CD's | $80,000.00 | $118.90 |
| Subtotal | $0.00 | $5,388.40 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $0.00 | $5,388.40 |

UST Form 101-7-TFR (5/1/2011) *(Page: 7)*  

Page Subtotals: $0.00  $1,631.00

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | |  | |
|---|---|---|---|
| Case No: | 14-10747 | Trustee Name: | John J. Aquino, Trustee |
| Case Name: | CHRISTEL RAE GLASER | Bank Name: | Associated Bank |
| | | Account Number/CD#: | XXXXXX5173 |
| | | | Good Faith Deposit |
| Taxpayer ID No: | XX-XXX6183 | Blanket Bond (per case limit): | $0.00 |
| For Period Ending: | 12/06/2018 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 10/26/17 | 22 | Old Republic Title<br>400 Second Avenue South<br>Minneapolis, MN 55401-2499 | litigation proceeds | 1249-000 | $80,000.00 | | $80,000.00 |
| 02/05/18 | | Transfer to Acct # xxxxxx5157 | Transfer of Funds | 9999-000 | | $80,000.00 | $0.00 |
| 02/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $118.90 | ($118.90) |
| 02/08/18 | | Transfer from Acct # xxxxxx5157 | Transfer of Funds - Bank Fees Feb 2018 | 9999-000 | $118.90 | | $0.00 |

| | | |
|---|---|---|
| COLUMN TOTALS | $80,118.90 | $80,118.90 |
| Less: Bank Transfers/CD's | $118.90 | $80,000.00 |
| Subtotal | $80,000.00 | $118.90 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $80,000.00 | $118.90 |

UST Form 101-7-TFR (5/1/2011) *(Page: 8)*     Page Subtotals:     $80,118.90     $80,118.90

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX5157 - Checking | $0.00 | $5,388.40 | $74,492.70 |
| XXXXXX5173 - Good Faith Deposit | $80,000.00 | $118.90 | $0.00 |
| | $80,000.00 | $5,507.30 | $74,492.70 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $80,000.00 |
| Total Gross Receipts: | $80,000.00 |

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 14-10747
Case Name: CHRISTEL RAE GLASER
Trustee Name: John J. Aquino, Trustee

| | | |
|---|---|---|
| Balance on hand | $ | 74,492.70 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 2 | Nationstar Mortgage Llc | $ 310,781.90 | $ 0.00 | $ 0.00 | $ 0.00 |

| | | |
|---|---|---|
| Total to be paid to secured creditors | $ | 0.00 |
| Remaining Balance | $ | 74,492.70 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: John J. Aquino | $ 7,250.00 | $ 0.00 | $ 7,250.00 |
| Trustee Expenses: John J. Aquino | $ 506.41 | $ 0.00 | $ 506.41 |
| Attorney for Trustee Fees: ANDERSON AQUINO LLP | $ 41,895.00 | $ 0.00 | $ 41,895.00 |
| Accountant for Trustee Fees: Verdolino & Lowey P. C. | $ 1,612.50 | $ 0.00 | $ 1,612.50 |
| Accountant for Trustee Expenses: Verdolino & Lowey P. C. | $ 68.06 | $ 0.00 | $ 68.06 |

| | | |
|---|---|---|
| Total to be paid for chapter 7 administrative expenses | $ | 51,331.97 |
| Remaining Balance | $ | 23,160.73 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 8,402.76 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | DISCOVER BANK | $ 8,402.76 | $ 0.00 | $ 8,402.76 |

Total to be paid to timely general unsecured creditors   $         8,402.76

Remaining Balance   $        14,757.97

Tardily filed claims of general (unsecured) creditors totaling $ 330,404.55 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 4.5 percent.

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 3 | Bank Of America, N.A | $ 330,404.55 | $ 0.00 | $ 14,757.97 |

| | |
|---|---|
| Total to be paid to tardy general unsecured creditors | $ 14,757.97 |
| Remaining Balance | $ 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE